# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FOOD & WATER WATCH,               )
        Appellant,               )
                       )
       v.               )   C.A. N17A-03-006 AML
                       )
DELAWARE DEPARTMENT OF               )
NATURAL RESOURCES AND               )
ENVIRONMENTAL CONTROL,               )
        Appellee.               )

Submitted: September 12, 2018
Decided: September 24, 2018

## ORDER

**On Appellee's Application for Certification of Interlocutory Appeal:
DENIED**

1. After this Court reversed an appeal board's decision that denied a party's standing to challenge a permit, the administrative agency that issued the permit filed an untimely application to certify this Court's order to the Delaware Supreme Court for interlocutory review. The agency's application requires this Court to consider whether the agency's mistaken belief that the reversal order was a final appealable order amounts to good cause justifying the untimely application. For the reasons that follow, I conclude that mistake does not constitute good cause.

2. On March 29, 2017, Appellant Food & Water Watch ("F&WW") filed an administrative appeal from a March 1, 2017, order of the Delaware Environmental Appeals Board ("the Board"). The Board's decision found F&WW

1

lacked organizational standing to challenge a general permit issued jointly by the Appellee, Delaware Department of Natural Resources and Environmental Control ("DNREC"), and the Delaware Department of Agriculture.[1] On August 24, 2018, this Court reversed and remanded the Board's decision (the "Reversal Order").[2] DNREC now seeks to certify the Reversal Order for an interlocutory appeal to the Delaware Supreme Court. DNREC filed its Application for Certification of Interlocutory Appeal on September 7, 2018, more than 10 days after the Reversal Order's issuance. Under Delaware Supreme Court Rule 42, an application for certification "shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown."[3]

3.      DNREC concedes the application for certification was untimely filed, but requests the Court find "good cause" to excuse the delay.[4] The Delaware Supreme Court previously has stated that "'good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[5] DNREC asserts it did not timely file

---

[1] The general permit established standards for Concentrated Animal Feeding Operations ("CAFOs") to operate in Delaware.
[2] D.I. 23.
[3] Supr. Ct. R. 42(c)(i).
[4] DNREC Appl. Certification Interlocutory Appeal at 1-3.
[5] *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1107 (Del. 2006).

its application to certify the interlocutory appeal because it initially believed the Reversal Order was a final order. DNREC argues this mistake constitutes good cause for the delay in seeking certification.[6] The Delaware Supreme Court, however, consistently has ruled that "Superior Court orders of remand directed to administrative agencies . . . (except for remands for purely ministerial functions), are interlocutory, and not final, orders."[7] Basic research would have conclusively addressed DNREC's confusion as to the finality of the Reversal Order. Thus, DNREC has not demonstrated diligence or the absence of fault for its delay in filing the application.

4. Additionally, denial of the application as untimely would not "create a substantial risk of unfairness" to DNREC because the application to certify would not be granted on its merits. In reviewing an application to certify an interlocutory appeal, the trial court must consider (1) whether the interlocutory order "decides a substantial issue of material importance," (2) whether the order meets one or more of the criteria set forth in Supreme Court Rule 42(b)(iii), and (3) if so, whether the relative costs and benefits suggest interlocutory review would serve the interests of

---

[6] DNREC Appl. Certification Interlocutory Appeal at 2.
[7] *Johnson Controls, Inc. v. Barkley*, 2004 WL 2239724, at *2 (Del. Sept. 28, 2004); *see also Modern Maturity Center, Inc. v. Coward*, 2003 WL 21189893, at *1 (Del. May 16, 2003); *Taylor v. Collins and Ryan, Inc.*, 440 A.2d 990, 990 (Del. 1981).

3

justice.[8] Here, the issue resolved in the Reversal Order was not a substantial issue because it did not relate to the case's merits.[9] Decisions resolving standing or allowing a claim to proceed on its merits are not substantial issues and do not establish a legal right.[10]

5.      As to Rule 42(b)(iii), the Reversal Order meets two of the criteria: (1) the order reversed a prior decision of an administrative agency that, if upheld, would terminate the litigation,[11] and (2) review of the order may terminate the litigation.[12] The Reversal Order does not, however, satisfy any other criteria under Rule 42(b)(iii). Although DNREC argues otherwise, the Reversal Order did not decide an unsettled issue regarding the constitutionality, construction, or application of a statute.[13] The Delaware Supreme Court previously interpreted the statute at issue, 7 *Del. C.* § 6008(a), and this Court's decision applied that settled law, as well as established United States Supreme Court precedent. DNREC's view that the Court misapplied that precedent does not meet the parameters of Rule 42(b)(iii)(C). In addition, allowing this appeal would not serve the interests of

---

[8] Supr. Ct. R. 42(b)(i), (b)(iii); *State ex rel. French v. Card Compliant, LLC*, 2017 WL 2189650, at *2 (Del. Super. May 18, 2017); *Ephrat v. Medcpu, Inc.*, 2018 WL 4181812, at *1 (Del. Ch. Aug. 30, 2018); *Sprint Nextel Corp v. iPCS, Inc.*, 2008 WL 2861717 (Del. Ch. July 22, 2008).
[9] *Sprint Nextel Corp*, 2008 WL 2861717, at *1.
[10] *Curran Composites, Inc. v. Total Holdings USA, Inc.*, 2009 WL 4170395 (Del. Nov. 25, 2009); *Delaware Dept. of Ins. v. American Ins. Ass'n*, 2007 WL 3262136 (Del. Nov. 6, 2007).
[11] Supr. Ct. R. 42(b)(iii)(E).
[12] Supr. Ct. R. 42(b)(iii)(G).
[13] Supr. Ct. R. 42(b)(iii)(C).

justice.[14] Merely avoiding the "burden" of continued litigation does not fall within this rule; the same argument could be made regarding many interlocutory orders, but Rule 42 makes clear that interlocutory appeals must be "exceptional, not routine."[15] The Reversal Order also did not sustain the controverted jurisdiction of the trial court.[16] There was no question this Court had jurisdiction to hear the appeal.

6.     Finally, Rule 42 expressly provides that interlocutory appeals only should proceed when "the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[17] The balancing of costs and benefits does not favor certification in this case. DNREC offers the potential for avoiding further litigation as the primary, if not sole, benefit of interlocutory review. F&WW points out, however, that the permit challenged in this litigation only is valid for five years, and this action has been pending for more than two years.[18] Sanctioning the further delay of interlocutory review before any tribunal considers the merits of F&WW's challenge would contradict the interests of justice.

---

[14] Supr. Ct. R. 42(b)(iii)(H).
[15] Supr. Ct. R. 42(b)(ii).
[16] Supr. Ct. R. 42(b)(iii)(D).
[17] Supr. Ct. R. 42(b)(iii).
[18] F&WW Resp. at 10.

7. For the foregoing reasons, DNREC's Application for Certification of Interlocutory Appeal is **DENIED**.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc: William J. Kassab, Esquire
Kenneth T. Kristl, Esquire

6